IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN L. ALLEN,

            Plaintiff,                        MEMORANDUM

            v.                              08-C-037-bbc

GLENN HEINZL and
JILL HANSON,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on March 5, 2008, I granted plaintiff's request for leave to proceed in forma pauperis on his Eighth Amendment claims that defendant Glen Heinzl refused to discuss or provide treatment for petitioner's testicular condition after he learned that the recommended physical therapy was unsuccessful and that defendant Jill Hanson deliberately delayed providing plaintiff with prescribed pain medication and a brief supporter. The Attorney General's office has accepted service of plaintiff's complaint on behalf of Glen Heinzl but not on behalf of Jill Hanson who is no longer employed by the State of Wisconsin. Therefore, the clerk of court has prepared Marshals Service and summons forms for defendant Hanson and is forwarding copies of the complaint and completed forms to the United States Marshal for service on her.

In completing the Marshals Service forms for defendant Hanson, the clerk has not provided a forwarding address because this information is unknown. It will be up to the marshal to make a reasonable effort to locate defendant Hanson by contacting her former employer (in this case, the Department of Corrections) or conducting an Internet search of public records for the defendants' current addresses or both. See <u>Sellers v. United States</u>, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal to make reasonable effort to obtain current address). Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in <u>Sellers</u>, the court of appeals recognized the security concerns that arise when prisoners have access to the personal addresses of former or current prison employees. <u>Sellers v. United States</u>, 902 F.2d at 602. For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the Internet. If the marshal is successful in obtaining the defendant's personal address, he is to maintain that address in confidence rather than reveal it on the marshals service forms, because the forms are filed in the court's public file and

mailed to the plaintiff after service is effected.

Entered this 21st day of March, 2008.

>BY THE COURT:
>
>/s/
>
>_____
>BARBARA B. CRABB
>District Judge