IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN ALLEN,

                                        ORDER

                Plaintiff,

                                   08-cv-0037-bbc

    v.

GLEN HEINZL, and
JILL HANSON,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought under 42 U.S.C § 1983, plaintiff John Allen contended that defendants Glen Heinzl and Jill Hanson were deliberately indifferent to his need for medical care. On December 29, 2008, I granted defendants' motion for summary judgment, entered judgment in their favor and closed the case. Now before the court are plaintiff's timely filed motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59, Dkt. #52, and a notice of appeal filed on February 2, 2009. Dkt # 54. Plaintiff's Rule 59 motion will be denied. A decision on his request for leave to proceed <u>in forma pauperis</u> on appeal will be stayed until plaintiff submits a trust fund account statement for the six-month period immediately preceding the filing of his appeal, as 28 U.S.C. § 1915(a)(2) requires.

      As an initial matter, I note that a notice of appeal filed before the district court rules

1

on a Rule 59(e) motion does not take effect until the motion is disposed of. Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i). Until then the appeal is suspended. Florian v. Sequa Corporation, 294 F.3d 828 (7th Cir. 2002) (citing Otis v. City of Chicago, 29 F.3d 1159, 1166 (7th Cir. 1994). Therefore, I will first consider plaintiff's Rule 59 motion for reconsideration.

The purpose of a Rule 59 motion is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case. Neal v. Newspaper Holdings, Inc. 349 F.3d 363, 368 (7th Cir. 2003). Nor is a Rule 59 motion intended as an opportunity for a party to submit evidence that could have been presented earlier. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006) (citing Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)).

Motions under Rule 59 must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(b). In calculating the 10-day period, weekend and holidays are not counted. A litigant's failure to meet the time limits of Rule 59 forecloses him from raising in the district court his assertions that errors of law have been made. United States v. Griffin, 782 F.2d l393 (7th Cir. l986). If the motion is timely, the movant must "clearly establish" his or her grounds for relief. Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A timely motion filed pursuant to Fed. R. Civ. P. 59 tolls the time for taking an appeal.

2

Plaintiff's motion is timely. He filed it on January 9, 2009 well within the 10 working days following entry of the December 29 judgment. Plaintiff argues that the court was mistaken in granting summary judgment in favor of both defendants because he had submitted sufficient evidence to show defendant Heinzl was deliberately indifferent and that there remain disputed issues of material fact with respect to defendant Hanson. However, arguments are just a rehash of the arguments he made in his motion for summary judgment.

With respect to plaintiff's contention that the court erred in stating that he had failed to offer any medical expert testimony regarding the necessity of ordering additional tests for his condition, he is mistaken. Plaintiff did not submit the names of five experts who would have testified to the need for additional tests as he claims. Dkt. #31, at 1-2. The doctors plaintiff identified were specialists who treated him and made recommendations for further treatment. I considered their opinions in determining whether defendant Heinzl was deliberately indifferent to an obvious risk of harm to plaintiff's health in light of these specialists' recommendations and found from the facts that defendant Heinzl had passed their recommendations along to the committee responsible for approving the recommendation. Moreover, contrary to plaintiff's suggestion, none of the documents he submitted with his motion for summary judgment contains statements by these specialists that it was necessary and obvious that he receive additional tests after the physical therapy ended in May of 2008.

3

Because the rest of plaintiff's motion is nothing more than a statement of plaintiff's disagreement with the December 29, 2008 decision, plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 will be denied.

I turn then to plaintiff's notice of appeal. Because the notice is not accompanied by a check for $455, I construe the notice to include a request for leave to proceed in forma pauperis on appeal, which is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Plaintiff does not have three strikes against him, and I do not intend to certify that his appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted the necessary trust fund account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

ORDER

IT IS ORDERED that plaintiff's motion to alter or amend the judgment entered in

4

this case on December 29, 2008 pursuant to Fed. R. Civ. P. 59 is DENIED.

FURTHER, IT IS ORDERED that a decision whether plaintiff may proceed in forma pauperis on appeal is STAYED. Plaintiff may have until February 27, 2009, in which to submit a certified copy of his trust fund account statement for the six-month period beginning approximately August 15, 2008 and ending approximately February 4, 2009. If, by February 27, 2009, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 6th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5